# WEAVER ET AL. v. MEYER, ADMINISTRATOR.

[No. 4,701.   Filed March 15, 1904.]

TRIAL.—*Instructions.—Refusal.—Covered by Another.*—It is not available error to refuse an instruction when it is covered by another given to the jury.   *p. 591.*

LIFE ESTATE.—*Personalty.—Use.*—A person given the use by will of personal property during his life is entitled to the income thereof; he can not give the property itself away or sell it.   *p. 591.*

RES JUDICATA.—*Foreign Judgment.—Parties in Privity.*—A record of a proceeding in another state is admissible in a suit in this State where the same facts are involved as in the suit in such foreign state, to show that the controversy had been adjudicated, not only as against the parties to such suit, but also as to all in privity with them.   *p. 592.*

FOREIGN ADMINISTRATOR.—*Assets Brought to this State.—Conversion.— Right of Action.*—A citizen of Wisconsin died leaving by will, mostly in personal property, $10,000, of which the executor took possession and held as executor until his death, the income of which the wife of the decedent was entitled during her life. The executor, a son of the decedent, and his mother jointly enjoyed the use of the property until the executor's death, when the wife took secretly $5,000 of it, brought it to Indiana, and with the help of others concealed it, and invested it in building association stock. The wife died in Indiana, and her estate was administered upon in Indiana by one of her confederates, who allowed fraudulent claims to one of the confederates, secured the allowance of one in his own favor, presented a false report that his decedent left no descendants, but left a second husband, who was also a conspirator with her, as her sole heir. The estate was distributed according to this report. Under the Wisconsin statute the title to all this property passed to the executor, the legatees and heirs acquiring title through the judgment of distribution made by the court having jurisdiction.   *Held,* that the administrator *de bonis* *non* of the estate of the first decedent was entitled to recover of the conspirators the property, or a judgment for its value, so brought to this State.   *pp. 588–593.*

From Clay Circuit Court; *P. O. Colliver,* Judge.

Action by Richard Meyer, Jr., administrator *de bonis non* of the estate of James Moore, deceased, against George W. Weaver and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*S. D. Coffey* and *S. M. McGregor*, for appellants.

*A. R. Bushnell*, *G. A. Knight* and *A. W. Knight*, for appellee.

ROBY, J.—Action by appellee to recover money averred to belong to the estate of James Moore. The appellants, and the appellant Weaver, separately demurred to the complaint, and the action of the court in overruling said demurrers is presented by proper assignment.

The facts set up in the complaint are, in effect, as follows: James Moore died testate in Grant county, Wisconsin, on April 30, 1885, where he had lived for many years. He left surviving his widow, Sarah Moore, and his son, John S., the only child, and by his will bequeathed the use of his estate to his widow during her life, and at her death to his said son, who was appointed executor. The will was duly probated, and said John S. qualified as executor, entered upon his duties as such, took possession of the estate, and made a partial inventory thereof.

The family had lived together before the father's death, and afterward the mother and son continued to do so until June 6, 1891, when John S. departed life, leaving his widow, Addie Moore, and one child, Alma (now Alma Fox), his sole heirs. All the property in the family was that owned originally by James Moore, amounting to about $10,000, mostly in money and securities; possession thereof being held by John S., as executor, until his death. Under the Wisconsin statute, the title to all this property passed to the executor; legatees and heirs acquiring title only through the judgment of distribution made by the county court having jurisdiction. At the death of John S. Moore, his mother took possession of all said estate, and secretly carried $5,000 to Brazil, Clay county, Indiana, where the defendant Weaver, her brother-in-law, Dilley, her brother, and Carpenter, a relative by marriage of Dilley, resided, and with them conspired and confederated to conceal said sum from the persons entitled thereto, and

from the person who should be appointed administrator *de bonis non* of the estate of James Moore, and to convert the same to their own use, and fraudulently invested the same in building association stock in the name of said Sarah. Afterwards Sarah Moore, a constant citizen of Wisconsin, remarried in Grant county, Wisconsin, with one Garthwaite, and lived with him until March, 1894, when she died, leaving, under the law of Wisconsin, as her sole heir, her said granddaughter Alma. Defendants and said Sarah fraudulently concealed the facts connected with the Indiana transaction, and upon her death her second husband, conspiring with appellants to conceal the same, and wrongfully to convert the money to their own use, contrived that Dilley should take out letters of administration in Clay county on the estate of said Sarah, which he did in pursuance of the same purpose. "Defendant Weaver wrongfully trumped up a false and fraudulent account against said Sarah Garthwaite for $1,250," which Dilley fraudulently admitted; Dilley trumped up a fraudulent claim for $202 for his services, and $150 attorney's fees. In order further to carry out said fraud upon the court, Dilley filed his report in final settlement, showing that Sarah Garthwaite left no child, or descendent of any child of hers, surviving her; that she left her husband, Garthwaite, her sole heir at law, from whom Dilley had procured an assignment of his interest in said estate, both of them knowing that Garthwaite had no interest therein, and intending to deprive the persons rightfully entitled thereto of their interest, and impose upon the court. Afterward Dilley filed his final settlement report, showing distribution to himself, and receipting to himself for the same. The appointment in Wisconsin of an administrator *de bonis non* of the estate is set out. Search for assets is shown, resulting in the discovery of the fraud alleged, in July, 1900; and it is averred "that at the said city of Brazil, in the said Clay county, Indiana, and at the time and in the way and manner aforesaid, the defend-

ants and each of them unlawfully intermeddled with said moneys and property of the estate of the said James Moore, deceased, which so came into and was in the said State of Indiana, as aforesaid, and with the income and proceeds thereof, and unlawfully converted the same to their own use, as this plaintiff is informed and believes, whereby the estate of the said James Moore, deceased, and this plaintiff have been and are deprived of the use, interest, and income which it and he might and could otherwise have derived and had thereof and therefrom, to the plaintiff's injury and damage $10,000." Wherefore, etc.

The proposition insisted on by appellant is that if John S. Moore, as executor of the estate of James Moore, so far executed his trust as to reduce the assets of the estate to money, pay the debts, and pay over to Sarah Moore (Garthwaite) the fund in controversy, then such fund ceased to belong to said estate, and can not be recovered by this administrator. The complaint contains an averment as follows: "That from the time of the death of the said James Moore, deceased, up to the time of the death of the said John S. Moore, the said John S. Moore as such executor had and retained the possession of all the estate of said James Moore, deceased, and by and with the consent and with the assistance of his mother, the said Sarah Moore, handled and managed the same as such executor, and they both had their living therefrom, and no part of the income was ever by them, or either of them, in any way segregated or set or kept apart from the body of the said estate, but the whole of the income thereof was by both of them always handled as part and parcel of the body of said estate, as this plaintiff is informed and believes." It follows that, even under appellant's statement of the law, the demurrer for want of facts was correctly overruled.

The proposition above stated is asserted, in argument, to apply to the evidence, under the grounds for a new trial

that the verdict is not supported by it, and is contrary to law. The fourteenth instruction requested by appellants, and refused, contains a statement of the law based upon the hypothesis claimed by appellants. It is unnecessary to consider the instruction refused, for the reason that, so far as it was a correct expression of the law, the fifteenth instruction given is equivalent to it. Under the Wisconsin law, "Personalty, except heirlooms, or limbs of the inheritance which descend with it to the heir, is never inherited. Upon the owner's death, the legal title goes to the executor or administrator * * *. In any case, when title to personalty comes to legatee or distributee, it comes from the executor or administrator, not from the testator or ancestor. The title of the executor or administrator intervenes between testator and legatee, between ancestor and next of kin." *Murphy* v. *Hanrahan,* 50 Wis. 485, 490, 7 N. W. 436. The will gave to Sarah Moore the use of all the testator's property during her life. She thereby became entitled to the income therefrom; such property consisting, as it did, of money and securities. *Eddy* v. *Cross,* 26 Ind. App. 643; *Golder* v. *Littlejohn,* 30 Wis. 344; *Meyer* v. *Garthwaite,* 92 Wis. 571, 575.

The verdict of the jury includes a finding that John S. Moore did not intend to part with title to said money and securities. In the absence of a completed gift by him to her, it would have been his duty at her death to have resumed possession of such property, had it been delivered to her in specie, and to have then transferred it to the person entitled thereto. *Golder* v. *Littlejohn, supra.* The mere possession of the property did not authorize her to dissipate or give it away. She could not thus defeat the will of her husband, by which only its use during life was given her. It follows that after the death of the mother the representative of the estate was the only person entitled to possession of said property, and was therefore the proper party to

bring this suit, based upon its wrongful conversion. The verdict, in so far as it relates to the connection of the appellants with the transaction, is supported by evidence.

John S. Moore was thrice married. From the mother of Alma he was divorced. After his death the guardian of Alma applied to the county court of Grant county, Wisconsin, for the appointment of an administrator *de bonis non* of the estate of James Moore. Sarah Moore (Garthwaite) appeared in this proceeding and objected to such appointment, denying, in her objections, that Alma was the child of John S. Moore, or his heir, and asserting that said estate had been fully administered. Trial was had, evidence heard, finding made for the applicant, and an administrator appointed as prayed.

The record of this proceeding was introduced in evidence on the trial of the case at bar. There was no error in admitting such evidence. Appellants are, in privity with— claiming under—Sarah Garthwaite. The judgment therefore concludes them upon the facts in issue.

The record of the divorce suit between John S. Moore and the mother of Alma Moore was also introduced in evidence. The legitimacy of the daughter was then adjudicated and declared. The facts disclosed by these records illustrate and explain the action of said Sarah in seeking, with the aid of her second husband and appellants, to prevent a full administration in Wisconsin upon the estate of James Moore, resulting, as it evidently would have done, in the payment to the daughter of whatever surplus might ultimately remain for distribution. There was no error in the admission of the evidence.

A brief of 294 pages has been filed by appellants. Thirty-four grounds for a new trial were enumerated in the motion therefor, as high as eleven causes being named in a single specification. The alleged errors are referred to in the brief, although the reference comes short in many instances of such an argument as is necessary on appeal. We

are not able to say that error was committed requiring a reversal of the judgment. Sarah Garthwaite evidently determined that the granddaughter whom she refused to acknowledge should not inherit. The appellants undertook to assist her in preventing it. After her death they proceeded to consummate the fraud. There is no room for division of responsibility between them.

The judgment appealed from was for $5,000. It accords with the merit of the controversy, and is therefore affirmed.