an insolent manner to his superior is clearly proven, and the question is presented whether that amounted to conduct unbecoming an officer.

The relator contends that no offense warranting his removal was charged or proved, and that the use of the harmless language attributed to him did not constitute an offense; but the offense consists of the manner, as well as the words. Innocent words may be used to express contempt. The relator challenged his superior to remove him. For that act of insubordination he has been tried on a formal charge, convicted, and dismissed; and he now resorts to a court review, reliance upon which may have led him to entertain and freely express contempt for authority in his department. The statute requires us to review the proceeding resulting in the relator's dismissal, and to determine whether it was conducted according to law, and whether the finding of the police commissioner is supported by the evidence; but we have nothing to do with the punishment inflicted, nor should we interfere with the judgment of the commissioner as to what acts constitute conduct unbecoming an officer, further than to see that the conduct proven fairly required the exercise of his judgment. While the general charge is flexible, and properly so, a specific act was alleged and proved; and we need only to determine that that act was of such a character as justified the commissioner in deciding that it came within the definition of the charge of conduct unbecoming an officer. Surely any act subversive of discipline is unbecoming an officer, and nothing can be more so than insolent and disrespectful conduct. The officer who has to maintain discipline knows best what will tend to subvert it, and within reasonable limits his judgment on that question should be conclusive. He might be able to maintain discipline more effectively if the men under him better understood that the law allows him reasonable latitude in dealing with them, and that the courts will sustain him whenever he acts upon sufficient evidence and observes the requirements of the statute.

The determination should be confirmed.

Determination confirmed, with costs. All concur, except HOOKER, J., who dissents.

---

### In re McGOUGHRAN.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. ADMINISTRATORS—ACCOUNTS—JURISDICTION OF SURROGATE'S COURT.

The Surrogate's Court, in a proceeding for the settlement of an administrator's account, has no jurisdiction of the claim of a third person to personal property inventoried by the administrator, where the third person has brought replevin against the administrator in his individual capacity for the possession of the property, and where the administrator has given a bond in the action approved by the court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2003.]

2. JUDGMENT—CONCLUSIVENESS.

A judgment refusing to revoke the appointment of one as administrator of a decedent, and refusing to appoint the alleged widow of the decedent as administrator, rendered in proceedings instituted by her for the revocation of the letters of administration, on the ground that she was not the

lawful wife of the decedent, is a final judgment, and bars and estops her from objecting to the final account of the administrator based on her being the widow of the decedent.

Appeal from Surrogate's Court.

In the matter of the judicial settlement of the accounts of Henry Mc-Goughran, administrator of Alexander McGarren, deceased. From an order of the Surrogate's Court overruling the objections of Hester McGarren to the administrator's accounts, she appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and HOUGHTON, JJ.

Daniel W. Blumenthal (Edward W. S. Johnson, on the brief), for appellant.

Daniel D. Sherman (Henry W. Jessup, of counsel), for respondent.

CLARKE, J. This is an appeal by Hester, claiming to be the widow of Alexander McGarren, deceased, from an order made by the surrogate overruling objections filed by her to the account of the administrator. Alexander McGarren died a resident of the city and county of New York on the 25th day of June, 1905. On the 14th day of July, 1905, Henry McGoughran was appointed administrator of the goods, chattels, and credits of said Alexander McGarren, deceased. Thereafter one Hester McGarren, claiming to be the widow of said Alexander, deceased, instituted a proceeding in the Surrogate's Court to obtain the revocation of the appointment of Henry McGoughran as administrator and her own appointment as administratrix. Such proceedings were thereafter had that a decree of the Surrogate's Court was entered on the 6th day of December, 1905, which ordered, adjudged, and decreed that the said petition be in all respects denied. An appeal was taken to this court, where said order was affirmed, and, upon the remittitur being sent down to the Surrogate's Court, the order of this court was made the order of that court on May 1, 1906. The case when here was reported in 112 App. Div. 503, 98 N. Y. Supp. 415; the facts being very fully set forth in the opinion. The decision was based upon the finding that Hester was not the widow of the deceased, and therefore not entitled to letters of administration. This because, although a form of marriage had taken place between Hester and the decedent, that a judgment of the Supreme Court of this state was entered in this county on April 1, 1902, adjudging the alleged marriage wholly null and void upon the ground of the legal incapacity of the defendant Hester to contract said marriage at the time thereof, in that the said Hester was then the lawful wife of one Henry Shuhlein, who was then and at the time of the judgment still living. The administrator filed his account of his proceedings in the Surrogate's Court, and on the 22d day of March, 1907, there was issued out of said court a citation to attend upon the judicial settlement of the said accounts on the 12th day of April, 1907. This citation was addressed, among others, to Hester Shuhlein, called Hester McGarren, and all persons interested in the estate of Alexander McGarren, late deceased, next of kin, creditors, or otherwise. Thereafter a notice of appearance for Hester McGarren, as widow of Alexander McGarren,

deceased, and claimant of all the property left by said Alexander, dated April 4, 1907, was served upon the attorney for the administrator. Thereafter objections to said account by said Hester, verified on April 20, 1907, were filed. Thereafter a motion was made by the administrator upon the proceedings had, including those brought by Hester for the revocation of the appointment of the administrator, and the orders made therein in the Surrogate's Court and in this court for an order overruling or striking out the objections to the administrator's account filed by said Hester. Upon said motion the surrogate made an order on November 27, 1907, that:

"The objections to the administrator's account filed herein on the 24th day of April, 1907, by said Hester McGarren, and each of them, be and the same hereby are overruled."

It is from that order that this appeal is taken.

The issue raised by the objections is that objectant is the widow of Alexander McGarren, deceased, and entitled to all the property left by the deceased. She also claimed that certain personal property included in the inventory filed by the administrator was purchased by her with her personal savings, and that she had instituted replevin proceedings in the Supreme Court against Henry McGoughran to recover the personal property purchased by her from her own savings. She also set forth that she had commenced an action in equity in the Supreme Court to recover all of the real and personal property left by the deceased upon the ground that at the time of the death of said Alexander she was and still is his lawful widow, and that, as the deceased left no other relations than cousins, she claims according to the statute of distribution and law to be entitled to the estate left by him.

So far as the claim to personal property alleged to have been bought by her with her own money and to belong to her in her own right is concerned, she made a claim therefor against the administrator in his individual capacity, and began an action in replevin against him in his individual capacity to recover possession of the same, and in said action the defendant has given a bond duly approved by the court. The surrogate well said that the claim to said property under such circumstances was not within the jurisdiction of the Surrogate's Court to determine.

As to the other issue, the learned surrogate said:

"The issue as to whether the objectant was the widow of the decedent was tried before me, and was determined adversely to her contentions in the proceedings in this court commenced by her to set aside letters of administration granted on a petition which alleged that he died unmarried. My decree made in that proceeding was a final decree in a special proceeding, and not a mere decision of a motion, and it operated as a bar and an estoppel on her. That decree was affirmed by the Appellate Division of the Supreme Court. The parties in interest cannot be required to try that issue again as against the objectant."

So far as the Surrogate's Court is concerned, we think that conclusion sound. That court appointed an administrator. The appellant directly attacked that appointment upon the ground that, being the widow of the decedent, she, and she alone, was entitled to letters of administration as against the administrator appointed, who was a cousin

of the decedent. That issue was tried out upon the presentation in opposition to her claim of the judgment of the Supreme Court annulling the marriage upon which she based her claim. The surrogate accepted that judgment as binding upon him, and said that he was without jurisdiction to inquire into the question of whether or not the Supreme Court had obtained jurisdiction of the defendant in that action. Upon appeal to this court, we held that he had jurisdiction to make said inquiry; and, the record of the annullment suit being in the record brought to us, we proceeded to examine said record, and concluded that the defendant had been duly served therein and the court had acquired jurisdiction in said action over her, and affirmed the order of the surrogate. Thereafter the administrator, whose title was attacked and had been confirmed by those proceedings, proceeded to render his account as administrator. It does not seem reasonable that his title should be still open to attack by the same party upon the same grounds and in the same court in process of administering the same estate in which it had once been fully litigated and decided.

It would therefore seem that the action of the learned surrogate in overruling the objections upon the grounds stated was well taken.

The order appealed from should be affirmed, with costs and disbursements. All concur.