In re PERKINS' ESTATE.

(Supreme Court, Appellate Division, First Department.　April 8, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 513*)—RES JUDICATA—SETTLEMENT OF ACCOUNTS OF EXECUTRIX.

In judicially settling accounts of an executrix, the amounts received from copyrights during the accounting were credited to income as payable to a life beneficiary, and on such accounting, all parties being duly cited, a legatee filed objections to such classification claiming that the earnings were capital both in law and according to the will. The objections were overruled, and an appeal was taken to the General Term, which specifically brought up the surrogate's ruling thereon. The General Term affirmed his decree, saying that it was well settled that on an accounting the surrogate had jurisdiction to construe the will where necessary to determine questions arising on the accounting, and that, with all parties in interest present, the surrogate might consider its provisions and determine their meaning and validity whenever necessary to make his decree as to distribution. This decision was affirmed by the Court of Appeals on such opinion. *Held,* that the decision was res judicata as to whether amounts received from the copyrights were income or capital in a subsequent accounting between the same parties.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2282–2291; Dec. Dig. § 513.*]

2. LIFE ESTATES (§ 15*)—INCOME OF PROPERTY—LOSS BY PAYMENT OF PREMIUMS ON SECURITY.

In the absence of a direction in the will to the contrary, where investments were made by the trustee of a life estate, the principal must be maintained intact from loss by payment of premiums on securities having only a definite time to run, and hence it was error in such a case to decree that amounts credited on the principal to reduce premiums on bonds bought by the trustee above par should be regarded as income and paid to the executors of the life tenant.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 34, 35; Dec. Dig. § 15.*]

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the account of the Guaranty Trust Company, as substituted trustee under the will of John Perkins, deceased. From the decree judicially settling the account, and directing payment to the executors of Caroline E. Perkins, deceased, of certain items held to be income, George W. Angell, a legatee, appeals. Modified.

Argued before PATTERSON, P. J., and LAUGHLIN, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

George C. Lay, for appellant.

Cravath, Henderson & De Gersdorff (Joseph P. Cotton, Jr., and Kenneth B. Halstead, on the brief), for respondents.

CLARKE, J. The controversy upon this appeal is between the residuary legatee and the executors of the life beneficiary of the trust created by the will as to whether certain sums were properly credited to income or principal. The first item is the sum of $2,006.50, amount of royalties on certain copyrights owned by the decedent. On October 4, 1893, a decree was duly made and entered in the Surrogate's

Court, judicially settling the account of Caroline E. Perkins, who was then the sole surviving executrix of the estate. Upon that accounting the amounts received from the said copyrights during the accounting period were credited to income as payable to the life beneficiary. Upon that accounting all parties were duly cited, and the appellant at bar and another duly filed objections to classing said earnings as income, claiming said earnings were capital, both in law and according to the last will and testament of the testator. The learned surrogate overruled said objections. An appeal was taken to the General Term (75 Hun, 129, 26 N. Y. Supp. 958), which appeal specifically brought up the ruling of the surrogate upon said objections. The learned General Term affirmed the decree of the surrogate. The determination of the questions involved necessarily required a construction of the will, and the court said:

"It has been well settled by numerous adjudications that upon an accounting the surrogate has jurisdiction to construe the will, where the construction is necessary to determine questions arising upon the accounting, and that with all the parties in interest present the surrogate may construe the provisions of a will and determine the meaning and validity of any of them, whenever such determination is necessary in order to make his decree as to distribution."

This decision was affirmed by the Court of Appeals, 145 N. Y. 599, 40 N. E. 165, on the opinion of the General Term.

The objection to this item, by the legatee, is the same objection that he made on the prior accounting upon the same ground, and involves the construction of the same clause of the will. The decision so made is not open for review. The very point involved has been litigated and adjudicated between the same parties and is res adjudicata. Matter of McGoughran, 124 App. Div. 312, 108 N. Y. Supp. 934, appeal dismissed 192 N. Y. 565, 85 N. E. 1112; Matter of Goldsticker, 192 N. Y. 35, 84 N. E. 581. The order appealed from determining that this sum was income received from the principal of the estate, and in consequence the executors of the life tenant were entitled thereto, is right.

The other items are sums of $571.24 and $12.76. These were amounts credited to principal to reduce premiums on certain bonds bought by the trustee above par. The decree directed that the said amounts so credited to principal be regarded as income and be paid to the executors of the late life tenant, upon the ground that it was the intention of the testator to secure to his widow the income of the trust created for her benefit, without making any deduction therefrom to pay the premium on securities purchased for investment. This I think was error. In Matter of Stevens, 187 N. Y. 471, 80 N. E. 358, 12 L. R. A. (N. S.) 814, the Court of Appeals, in considering all the prior cases, laid down the rule that in the absence of a clear direction in the will to the contrary, where investments are made by the trustee, the principal must be maintained intact from loss by payment of premium on securities having only a definite time to run, while, if the bonds are received from the estate of the testator, the whole interest should be treated as income. Chief Judge Cullen said:

"If we are to lay down the doctrine that the question is to be determined on the peculiar facts and language of each particular case, no trustee will know how to safely act, and a question constantly arising in the administration of estates will be involved in great confusion and be the cause of great litigation, the latter often at an expense to the estate greater than the sum involved. Such a result would prove very unfortunate. The justification for the rule is very apparent."

This definite rule was made by the Court of Appeals upon an examination of all the cases, and by a divided court, with a strong dissent, showing that the matter had been advisedly passed upon as a guide to future trustees. As these bonds were bought by the trustee, we are bound by the decision cited.

The decree should therefore be modified by providing that the moneys paid out by the testamentary trustee to reduce premiums on securities purchased were properly taken from the income, and that the amount thereof should be paid to the residuary legatee, and, as so modified, affirmed, without costs in this court to either party. All concur.