James C. MARCELLO

v.

Nuno C. NEVES et al.

No. 2005–176–Appeal.

Supreme Court of Rhode Island.

Nov. 6, 2006.

James C. Marcello, pro se.

James Moretti.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

ORDER

The plaintiff, James C. Marcello, appeals from the Superior Court's grant of summary judgment in favor of the defendants, Nuno C. Neves and Natalia Paiva–Neves. This case was scheduled to come before this Court for oral argument on September 25, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument.[1] For the reasons set forth in this order, we deny the appeal and affirm the judgment of the Superior Court.

Mr. Nicholas Marcello ("decedent"), plaintiff's father, died testate on September 28, 2002. On April 21, 2003, the Probate Court of the Town of Barrington issued an order admitting the decedent's Will to probate and appointed Mr. Arthur Marcello (the decedent's brother) as executor of the estate.[2] Significantly, plaintiff did not appeal that order, and it therefore became final upon expiration of the period allowed for appeals pursuant to G.L. 1956 § 33–23–1. *See Bilotti v. LaSalle*, 506 A.2d 1362, 1365 (R.I.1986).

At that juncture, the executor filed a motion for preliminary injunction in the Providence County Superior Court. On December 19, 2003, a Superior Court hearing justice issued the injunction, ordering plaintiff to (1) vacate the property and restrain from reentering it; (2) restrain from filing any documents in the Land Evidence Records of the Town of Barrington concerning title to the property; and (3) restrain from further interfering with the executor's duties.

In accordance with the power of sale clause contained in the Will, on February 6, 2004, the executor sold the decedent's real property located at 557 Maple Avenue in Barrington to defendants for $275,000. In spite of the fact that the property had been sold, plaintiff, who was still living at the residence at the time of the sale, refused to vacate the property.

In May of 2004, plaintiff filed a motion with the Probate Court seeking to set

---

1. This Court did not hear oral arguments in this case because plaintiff, who has been representing himself before this Court, failed to appear at the call of the calendar on September 25. On that morning, at the direction of the Court, counsel for defendant telephoned plaintiff at his residence in Maine and then reported to the Court that plaintiff averred that he had not received notice of the September 25 proceedings. However, the records of this Court indicate that notice of said proceedings was sent by regular mail to plaintiff at his residence in Maine on August 15, 2006. Accordingly, we shall decide this case on the basis of the memoranda submitted by the parties.

2. The Will nominated Mr. Arthur Marcello as executor of the estate, and it specifically authorized the executor to sell any or all of the decedent's assets.

aside the sale of the Maple Avenue property due to what he alleged was a grossly inadequate price, but that motion was denied in an order issued by the Probate Court. The plaintiff did not appeal that ruling; consequently, it became final when the period for appeals under § 33–23–1 came to an end. *See Bilotti,* 506 A.2d at 1365.

Then, on July 18, 2004, plaintiff commenced a civil action in the Providence County Superior Court against defendants, alleging that he was the rightful owner of the property at issue. The plaintiff requested that a "writ of possession * * * be issued, [g]ranting possession to the plaintiff * * *" and that he be awarded damages. On March 29, 2005, the hearing justice in the Superior Court granted summary judgment in favor of defendants. The plaintiff has appealed from that judgment.

This Court reviews the grant of a motion for summary judgment *de novo,* applying the same standards as were used by the motion justice. *Neri v. Ross–Simons, Inc.,* 897 A.2d 42, 47 (R.I.2006); *Henshaw v. Doherty,* 881 A.2d 909, 914 (R.I.2005). We will uphold the judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Ritter v. Mantissa Investment Corp.,* 864 A.2d 601, 604 (R.I.2005). In making that determination, this Court will review the evidence—pleadings, depositions, answers to interrogatories, admissions on file, and affidavits—in the light most favorable to the nonmoving party. Super. R. Civ. P. 56(c); *see also Ritter,* 864 A.2d at 604. The nonmoving party must establish the existence of a disputed material issue of fact by "competent evidence" in order to successfully defeat the motion; the nonmoving party may not rest merely on allegations or denials in the pleadings, nor merely on conclusions or legal opinions. *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I. 1996); *see also Neri,* 897 A.2d at 47.

It is our opinion that summary judgment was appropriately granted in this case because the suit at issue was barred by the doctrine of res judicata. That doctrine acts to prevent the relitigation of issues that were, or could have been, adjudicated in a prior action. *Lennon v. Dacomed Corp.,* 901 A.2d 582, 590 (R.I.2006). Application of the doctrine of res judicata requires (1) identity of parties; (2) identity of issues; and (3) finality of the judgment in the earlier action. *Ritter,* 864 A.2d at 605.

In the instant case, all three of the requirements set forth in *Ritter* were satisfied. First, the present parties are identical to, or are in privity with, the parties to the former action. Second, the issue presented—whether plaintiff is the rightful owner of the property in question—was identical. Finally, both orders of the Probate Court became final when plaintiff failed to appeal within the period required by § 33–23–1. *See Bilotti,* 506 A.2d at 1365.

Since res judicata applies in this context, there is no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. Accordingly, the grant of the defendants' motion for summary judgment was proper.

Therefore, the plaintiff's appeal is denied and dismissed in its entirety. The papers in this case may be returned to the Superior Court.