FLORENCE M. ECKILSON *et al. vs.* CLIFFORD GREENE.

JULY 29, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This matter was begun by a petition filed August 27, 1937 in the probate court of the city of Cranston to dismiss the administration proceedings on the estate of Margaret C. Greene, who died intestate November 15, 1936. The petitioners were four children of a deceased daughter of the intestate and as such were among her next of kin. In the administration proceedings Clifford Greene, a son of the intestate, was appointed administrator. The record before us does not show when the decree appointing him was made, and the parties, in their respective briefs, do not agree as to the date.

The ground of the petition to dismiss was that the intestate at the time of her death was an inhabitant in and a resident of the city of Warwick in this state; and that, therefore, the probate court of Cranston had no jurisdiction over the administration of her estate. If the facts were as stated

in the petition, the court had no authority, under the law to assume such jurisdiction. General laws 1923, chap. 358, sec. 3. The appellee, however, contends that when the petition to dismiss was filed, it was too late to raise, on the ground stated, the question of the jurisdiction of the court over the estate.

On November 22, 1937 the following decree was entered in that court on the petition: "This petition is denied and dismissed for want of jurisdiction." The present appellants, Florence M. Eckilson and Mabel C. Greenhalgh, two of the petitioners, duly took an appeal to the superior court from that decree and filed the necessary papers to perfect their appeal. There the appellee, Clifford Greene, filed a motion that the appeal be dismissed, no ground for the dismissal being stated. The docket-entry in that court shows only that on March 14, 1938, there was a hearing on the appellee's motion to dismiss and that the motion was granted. The papers in the case throw no light on the reason for the decision. The appellants filed an exception to the decision and the case is now before us on a bill of exceptions by the appellants, setting forth only this exception.

The record is very meager and does not show whether an appeal was taken from the decree of the probate court appointing the appellee as administrator or whether the appellants' petition to dismiss the proceedings for want of jurisdiction in that court was filed after the expiration of the time for the taking of an appeal from that decree. But all the parties, in the briefs filed in this court, seem clearly to agree that no such appeal was taken and that the appellants' petition was filed after the expiration of the time for the taking of such an appeal. We shall assume, therefore, that such are the facts.

It does not appear from the record before us whether any evidence was submitted to the probate court for or against the appellants' petition. But, since, in the probate court's decree from which the appellants appealed, the appellants' petition was denied "for want of jurisdiction", we must

assume that that court did not decide whether, at the time of her death, the intestate was an inhabitant and resident of the city of Cranston or the city of Warwick. It is admitted by the parties that she was not then an inhabitant or resident outside of this state.

It seems also to be clear, from the record before us and the briefs for both sides, that no evidence was submitted to the superior court at the hearing in that court on the appellee's motion to dismiss the appellants' appeal. Therefore and because, as above stated, the record before us does not show that the justice of the superior court who heard that motion gave any reason for sustaining it, we assume that the appeal was dismissed on one or more of the grounds upon which the appellee, expressly or by implication, has endeavored before us to sustain the ruling of the superior court.

All these grounds urged before us raise questions of law only. One of these grounds, which may have influenced the action of the probate court in denying and dismissing the appellants' petition "for want of jurisdiction", is that after assuming jurisdiction over the estate of a deceased person by appointing an administrator, a probate court has no power to dismiss the proceedings for want of jurisdiction. In our opinion this ground is contrary to a clear implication from the language of the last sentence of general laws 1923, chap. 358, sec. 1, dealing with probate courts, as follows: "The jurisdiction assumed in any case by the court, so far as it depends on the place of residence of a person, shall not be contested in any suit or proceedings except in the original case, or on appeal therein or when the want of jurisdiction appears on the record."

The appellee also contends that even if the probate court had power to dismiss the proceedings for want of jurisdiction, if the intestate was an inhabitant and resident of another city or a town in this state and a petition that it should do so was filed *before* the period of time for taking an appeal

from the decree appointing an administrator had elapsed and before such an appeal had been taken, it had no such power if the petition to dismiss was filed *after* the lapse of such period.

We are of the opinion that the decisive question on this appeal is the one raised by this last-stated contention of the appellee. That question is whether, when the petition was filed in the probate court to dismiss the proceedings, it was too late to raise the issue that, because the intestate decedent was, at the time of her decease, an inhabitant in and a resident of the city of Warwick, the court of probate of Cranston had no jurisdiction to appoint an administrator of her estate. We are of the opinion also that we have sufficient facts before us, as above stated, to enable us to decide that question.

The action of the probate court of Cranston, in making the appointment, though it was apparently on an uncontested application, involved either expressly or by clear implication a finding that the decedent, at the time of her decease was an inhabitant in and a resident of that city. The appellants, if they had acted within forty days after the entry of the decree, could have claimed an appeal therefrom and could have based their appeal on the ground that that finding was erroneous. They could then, by following the proper statutory procedure, have had the question decided *de novo* in the superior court. In our opinion that is a clear implication from the language above quoted from G. L. 1923, chap. 358, sec. 1.

Or, if they had acted in time, they presumably could have taken advantage of G. L. 1923, chap. 358, sec. 6, which provides in substance that any probate court, before an appeal is taken from any order or decree made by it on an uncontested application, or before the time for taking such appeal has expired, if no appeal is taken, may modify or revoke such order or decree. But they did not act in time to take advantage of that provision; nor did they take an appeal

from the decision in question by taking advantage of the statutory provision regulating appeals.

The question before us is, then, whether they could *later* raise the jurisdictional issue which they tried to raise, in view of the language above quoted from G. L. 1923, chap. 358, sec. 1. Here no want of jurisdiction appeared on the record and the question narrows to the issue whether in this statutory provision the words "original case" mean only the first proceeding, by which the court exercised jurisdiction over an estate or a person, as by appointing an administrator or a guardian or by admitting a will to probate. The interpretation of the language is not altogether clear, but an examination of the history of the provision in question throws considerable light upon it.

In *People's Savings Bank* v. *Wilcox,* 15 R. I. 258, in an opinion by *Durfee, C. J.,* in 1886, when no such statutory provision existed in this state, it was decided, after a discussion of the divergent views on the question among the authorities, that the jurisdiction of a court of probate in this state, as dependent on the place of residence of a decedent at the time of his decease, could be attacked collaterally, even though the want of jurisdiction did not appear of record.

The opinion of this court in the same year in another case, *Thornton* v. *Baker,* 15 R. I. 553, contains the following language, which is of some interest in this connection: "It is true that the decree of this court does not expressly adjudge that Joseph Baker was resident in Coventry at his death, but where jurisdiction depends on the finding of a particular alleged fact, the exercise of jurisdiction implies the finding of that fact."

In G. L. 1896, chap. 209, sec. 7, dealing with the jurisdiction of courts of probate, the final sentence was as follows: "The jurisdiction assumed in any case by the court, so far as it depends on the place of residence of a person, shall not be contested in any suit or proceeding except in an appeal

in the original case or when the want of jurisdiction appears on the same record." The difference between this language and that of the corresponding provision now in force and above quoted should be observed.

The language of the provision in its earlier form was, for our present purpose, substantially the same as that of a corresponding provision which was in force, for some years at least, in Massachusetts and Maine, the latter state having taken it from the former. Where the Rhode Island provision of 1896 said "shall not be contested in any suit or proceeding except in.an appeal in the original case", the Maine provision said "cannot be contested except on appeal in the original case."

The corresponding provision in Massachusetts, from which the Maine provision was taken, was enacted in accordance with the recommendation of a commission, in order to change the law as settled there by a series of decisions of its highest court, which had found the law on the subject to be the same there as it was later found to be here in *People's Savings Bank* v. *Wilcox, supra.*

The statutory provision in Maine was the basis of the decision in *Record* v. *Howard,* 58 Me. 225 (1870). There an administrator of the estate of an intestate decedent had been appointed by the judge of probate of the county of Androscoggin, Maine, on the ground that at the time of her decease the intestate was an inhabitant of that county. When the time came for the distribution of the remaining assets of the estate, the judge of probate of that county, apparently on the application of a party in interest and on convincing proof that the decedent, at the time of her decease, was an inhabitant of Ohio, entered a decree, on that ground, that the said administrator transmit the remaining assets of the estate to an administrator appointed by the Ohio probate court having jurisdiction in the county of her residence.

On appeal this decree was reversed by the supreme court, which held that under the above statutory provision the jurisdiction assumed by the judge of probate of Androscoggin county could not be contested except on appeal from the decree appointing the administrator, by which that judge had assumed jurisdiction over the estate. After making this decision the court added, at page 227: "Administration was granted upon this estate in 1858, upon a representation that the deceased was of Turner, in the county of Androscoggin; which fact, the record says, was 'made fully to appear.' Any one aggrieved by this action of the probate court had a right to appeal therefrom at any time within thirty days; and if prevented from so doing by accident or mistake, or defect of notice, or other cause, without fault on his part, the supreme court had power to allow such appeal to be entered any time within a year. (R. S., 1857, c. 63, §§ 19, 21) No such appeal was taken or claimed. . . . No appeal having been taken from the decree of the judge of probate granting administration, and no fraud being shown, and no want of jurisdiction being apparent upon the face of the record, we think this objection comes too late."

We have found no other case in which this precise question has been decided, though there are some decisions under the corresponding Massachusetts provision which are in general accord with the view of the Maine court. We are convinced that that court correctly construed the provision in force in the latter state, and that if the above cited, almost identical provision in the Rhode Island general laws of 1896 were still in force, unamended, it should be construed in the same way as the Maine provision.

Our provision in its present form appears in the "court and practice act", of 1905. The only change made from the provision as it was in general laws of 1896 was that the words "shall not be contested in any suit or proceeding except in an appeal in the original case" were changed to

"shall not be contested in any suit or proceedings except in the original case, or on appeal therein." In considering the effect of the changes made, we are of the opinion that they do not show any intent to alter the meaning of the word "case" and that the most reasonable and probable explanation is that they were made in order to enable interested parties and the court of probate, in the matter of jurisdiction dependent on the place of residence of a person, to take advantage of the above-cited sec. 6 of G. L. 1923, chap. 358, by which the court, within a certain period, could modify or revoke an order or decree made by it.

It follows, from this interpretation of the statutory provision on which our decision on the appellants' bill of exceptions depends, that the appellants were too late in filing their petition in the probate court and that therefore the superior court did not err in dismissing their appeal.

The appellants' exception is overruled, and the case is remitted to the superior court for further proceedings.

*George Ajootian, Henry R. DiMascolo,* for appellant.
*Patrick H. Quinn,* for appellee.