FREDERICK ATANASIO, PLAINTIFF-APPELLANT, v. SAM-
UEL W. SILVERMAN, DEFENDANT-RESPONDENT.

Argued May 14, 1951—Decided June 11, 1951.

*Mr. John Warren* argued the cause for the appellant (*Mr. John G. Flanigan,* attorney).

*Mr. Abraham Natovitz* argued the cause for the respondent.

The opinion of the court was delivered by

ACKERSON, J.  The present appeal is the culmination of a legal battle which has been in progress between the parties over the past five years, the salient features of which may be summarized as follows: On January 28, 1946, the plaintiff, Atanasio, recovered a judgment against the defendant, Silverman, for $16,763.73 on a claim for wages and salary due for employment rendered prior to the early part of 1943.  On May 27, 1946, Silverman obtained a rule to show cause why three judgments recovered by third parties against Atanasio in our former Supreme Court, aggregating approximately $21,900, which had been bought up by and assigned to Silverman, should not be set off against the aforesaid judgment recovered by Atanasio against Silverman.  The determination of this rule to show cause was postponed, for reasons which are not pertinent here, until November 27, 1946, when an order was entered in the former Supreme Court making the rule to show cause absolute and off-setting the aforesaid three judgments held by Silverman against the judgment recovered by Atanasio against Silverman and directing that said order be entered *nunc pro tunc* as of June 15, 1946—the original return day of said rule to show cause. No appeal has been taken from the order so entered.  For a complete history of the preceding litigation see, under the same caption, 24 *N. J. Misc.* 390 (*Sup. Ct.* 1946) and 1 *N. J.* 245 (1949).

On July 13, 1950, plaintiff, Atanasio, filed a petition in the Superior Court, Law Division, in which he sought to set aside the aforesaid order of set-off, entered in the former Supreme Court on June 15, 1946—over four years previously. The grounds for plaintiff's petition were asserted to be (a) that the former Supreme Court did not have jurisdiction to make the order of set-off; (b) that the defendant was not entitled to the equitable relief of set-off because of fraud in securing the assignments of the judgments which are the basis thereof and because of the doctrine of "unclean hands"; and (c) the purchase by an employer of claims of others

against an employee for the purpose of off-setting them against unpaid wages due from the employer to the employee, and the off-setting of them, are against the public policy of this State as embodied in *R. S.* 2:26–182–183 concerning executions against wages. The trial court dismissed the petition (11 *N. J. Super.* 116), not only on the merits but also on the ground that the matters involved therein should have been raised by way of .a timely appeal from the set-off order of June 15, 1946, and failure to have done so barred the plaintiff from raising them in the manner above indicated. Plaintiff thereupon appealed from the action of the trial court to the Appellate Division of the Superior Court and we certified the cause here on our own motion.

On this appeal the plaintiff has abandoned the theory of fraud upon the court. and the doctrine of "unclean hands," and relies upon the contention that the former Supreme Court was without jurisdiction to make the order for set-off because (1) it violated *R. S.* 2:26–182–183 (limiting executions against wages to the percentage therein specified) and thereby ignored the plaintiff's wage exemption and defeated the public policy embodied in said act; (2) because the judgments assigned to the defendant and used to effectuate the set-off, and the judgment of the plaintiff against the defendant, were not mutually enforceable, and (3) because of defendant's failure to pay costs .taxed against him in this. cause prior to the making of the order in question.

Obviously, in making the foregoing contentions, the plaintiff misconceives the legal import of "jurisdiction." As we recently said in the case of *Petersen v. Falzarano,* 6. *N. J.* 447, 453–454 (1951): "In the judicial sense jurisdiction has been defined to be the right to adjudicate concerning the subject matter in the given case. To constitute this there are three essentials: (1) the court must have cognizance of the class of cases to which the one to be adjudicated belongs; (2) proper parties must be present, and (3) the point to be decided must be, in substance and effect, within the issue. * * * Such jurisdiction does not depend upon

the sufficiency of the complaint in a particular case, or the validity of the demand set forth therein, or the correctness of the decision rendered. * * * 'Jurisdiction to decide is jurisdiction to make a wrong as well as a right decision.' The former may be corrected by appeal but not because of lack of jurisdiction."

Applying the foregoing tests to the set-off order of June 15, 1946, it clearly appears that it was within the competence of the former Supreme Court to make such order. The judgments upon which that order is based were all entered and remain in that court and it cannot be questioned that the court had authority in its control over them to apply the rule of set-off thereto. *Brown ads. Hendrickson,* 39 *N. J. L.* 239 (*Sup. Ct.* 1877); *Phillips v. MacKay,* 54 *N. J. L.* 319 (*Sup. Ct.* 1892); *Murray v. Skirm,* 73 *N. J. Eq.* 374 (*E. & A.* 1907). This being so, it necessarily follows that the court had jurisdiction to determine whether or not the aforesaid statute concerning wage executions affected the application of the rule of set-off to the facts of this case, and, if so, to what extent; whether or not the judgments involved were mutually enforceable, and also what effect, if any, the non-payment of prior costs assessed against the defendant had upon his application for the set-off. Such matters do not go to the jurisdiction of the court but relate only to the proper exercise of its jurisdiction. They are not, therefore, the proper basis for a collateral attack, such as this, upon the final order here in question, but may be raised only by way of an appeal, the time for which has long since expired, *Rule* 4:2–5 (1:2–5(*b*)); *cf. Shultz v. Sanders,* 38 *N. J. Eq.* 154, 156 (*Ch.* 1884), affirmed, *sub nom. Eisberg v. Shultz,* 38 *N. J. Eq.* 293 (*E. & A.* 1884), or by an appropriate motion, made within time, for relief from the order on one or more of the recognized grounds set forth in *Rule* 3:60–2, for which we find no basis in the record before us.

The petition under review is merely an attempt to exhume and revive, by way of a collateral attack upon the order of 1946, a right of appeal which died when the plaintiff per-

mitted his time for appealing from said order to expire. The action of the Law Division of the Superior Court in dismissing plaintiff's petition is accordingly affirmed for the reasons hereinabove expressed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.