Santiago **MORALES RIVERA** et al.,
Plaintiffs, Appellants,

v.

**SEA LAND OF PUERTO RICO, INC.,**
et al., Defendant, Appellee.

No. 7359.

United States Court of Appeals
First Circuit.

Dec. 4, 1969.

Nicolas Nogueras, Jr., Santurce, P. R., on brief for appellants.

Sutton Keany, and McConnell, Valdes, Kelley & Sifre, San Juan, P. R., on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Plaintiffs-appellants, employees or former employees of defendants-appellees, brought suit in the Superior Court of Puerto Rico for back wages claimed to be due because of defendants' failure to comply with Puerto Rico wage and hours legislation. Defendants removed to the District Court on the ground of diversity, where the action was eventually dismissed with prejudice for failure to prosecute. No appeal was taken. Nine months later plaintiffs filed a motion under F.R.Civ.P. 60(b) asking that the dismissal with prejudice be vacated and that the case be dismissed for lack of jurisdiction. The basis of the motion is that the court lacked subject matter jurisdiction because a collective bargaining agreement—now mentioned for the first time—called for arbitration of grievances. The court held, *inter alia*, that there had been waiver of arbitration, and denied the motion.

■ Plaintiffs are, of course, correct in maintaining that basic jurisdiction of the court cannot be waived. Thus, if there were in fact no diversity of citizenship between the parties, this would prove fatal no matter when it was discovered. American Fire & Cas. Co. v. Finn, 1951, 341 U.S. 6, 17–18, 71 S.Ct. 534, 95 L.Ed. 702; .Compagnie Nationale Air France v. Castano, 1 Cir., 1966, 358 F.2d 203, 206. An agreement to arbitrate is altogether different. Indeed, at one time such agreements were held to be unenforceable, as an illegal private attempt to oust the courts of jurisdiction. Kulukundis Shipping Co. v. Amtorg Trading Corp., 2 Cir., 1942, 126 F.2d 978, 985; United States Asphalt Refining Co. v. Trinidad Lake Petroleum Co., S.D.N.Y., 1915, 222 F. 1006. The agreements are recognized today, but they still are not destructive of jurisdiction. They are, precisely, agreements, and as such may be pleaded as a personal defense. However, like any such right, they may be waived. Cornell & Co. v. Barber & Ross Co., 1966, 123 U.S.App.D.C. 378, 360 F.2d 512, 513; Galion Iron Works & Mfg. Co. v. J. D. Adams Mfg. Co., 7 Cir., 1942, 128 F.2d 411, 413; *cf.* Ferber Co. v. Ondrick, 1 Cir., 1962, 310 F.2d 462, 464–465, cert. denied 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412. Plaintiffs' cases, to the effect that the court has no "jurisdiction" until agreed-on arbitration has been conducted, do not concern jurisdiction in the basic sense, but stand merely for the proposition that if either party seasonably claims his right to arbitrate, the agreement must be recognized.

■ Plaintiffs, again, are correct in saying that insofar as there is a collective bargaining agreement of general application, plaintiffs cannot destroy it. This does not mean, however, that they cannot waive its application to themselves. When plaintiffs brought suit instead of seeking to arbitrate, this was the clearest kind of waiver on their part of an agreement to arbitrate, if any existed. We are not concerned with the principle that a party may be allowed to rescind such a waiver in the absence of prejudice. *See, e. g.,* Carcich v. Rederi A/B Nordie, 2 Cir., 1968, 389 F.2d 692. Plaintiffs' suddenly discovered affection for arbitration came too late. They cannot proceed with an action until it proves unsuccessful, and then avoid the effect by pleading their own contractual breach in having brought it. Plaintiffs are seeking to play games with a court which the record shows has been more than patient with them.

Affirmed.