386 A.2d 176.

CRANSTON TEACHERS ASSOCIATION *v.*
CRANSTON SCHOOL COMMITTEE.

APRIL 25, 1978

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J.   This is an appeal by the defendant, Cranston School Committee, from a judgment declaring that it is obligated to pay the members of the plaintiff, Cranston Teachers Association, salary increases allegedly due them under a collective bargaining agreement.

On or about September 8, 1971, plaintiff and defendant entered into an agreement specifying conditions of employment for plaintiff's members for the period from September 1, 1971 to August 31, 1973. Included in that agreement was a schedule fixing salaries at amounts in excess of those paid during the preceding school year. Those salaries, however, were expressly made "subject to the wage freeze" established by a Presidential Order (the Order) promulgated on August 15, 1971 by President Richard M. Nixon. The Order "stabilized" (froze) prices, wages and salaries for a period of 90 days.

Relying on that Order, defendant refused to pay the salary increases until the freeze ended on November 14, 1971. The plaintiff, however, viewed the situation differently and accordingly requested a ruling from the appropriate federal authorities on whether the Order forbade payment of the salary increases. In response, the Cost of Living Council, in a decision and order dated December 21, 1973, concluded that the economic stabilization regulations did not prohibit payment of the increases and that whether or not those increases should be paid hinged entirely on how the agreement between the parties was construed.

Notwithstanding that ruling, defendant stood firm on its refusal to pay the increases, whereupon plaintiff commenced this action seeking a declaration of the rights of its members and of defendant's obligations. Motions for summary judgment by both parties were denied and, following a hearing on the merits at which the only evidence admitted was the Order and the agreement between the parties, the trial justice concluded that the statement that the salary schedule was "subject to the wage freeze" was unambiguous and that the only meaning to which it was reasonably susceptible was

that the pay increases took effect on September 1st. The defendant appealed.

The defendant's first assignment of error is to the trial justice's denial of its second motion for summary judgment. The basis for that motion was defendant's contention that the agreement required resort to the grievance procedure established therein, rather than to the courts, to resolve disputes between the parties and therefore deprived the court of subject matter jurisdiction. In disposing of that motion the trial justice found that a motion for summary judgment was not an appropriate vehicle for questioning the court's subject matter jurisdiction. Consequently she disregarded the label which defendant had attached to that motion and treated it as a motion to dismiss under Rule 12. Then, after considering the motion together with the accompanying affidavits and other documentary evidence, she found alternatively that the grievance procedure had not been invoked or that, even if it had been invoked, the agreement did not establish that procedure as the exclusive method for resolving disputes between the parties. Upon those alternative rationales, she denied defendant's motion.

If an agreement to arbitrate could divest the court of subject matter jurisdiction, the trial judge would have been correct in treating the summary judgment motion as if it were a motion to dismiss, for although the lack of subject matter jurisdiction cannot be raised by a motion for summary judgment, such a motion may be treated as one to dismiss. 1 Kent, *R.I. Civ. Prac.* §56.4 at 419 (1969); 6 Moore, *Federal Practice* ¶56.03 at 56-57 through 56-60 (1976); 10 Wright & Miller, *Federal Practice and Procedure* §2713 at 402-06 (1973).

The question then narrows to whether an agreement to resolve disputes by resorting to a grievance procedure, rather than to the courts, is destructive of subject matter jurisdiction. The answer to that question depends on what is meant by the term "subject matter jurisdiction." The term is often misused. When properly used, it refers only to a court's

power to hear and to decide a particular case, *Carroll* v. *Carroll*, 144 Me. 171, 174, 66 A.2d 809, 811 (1949); *Atanasio* v. *Silverman*, 7 N.J. 278, 281, 81 A.2d 492, 494 (1951); *Grace* v. *Oil Conservation Comm'n.*, 87 N.M. 205, 208, 531 P.2d 939, 942 (1975), and not to whether a court, having the power to adjudicate, should exercise that power. *General Investment Co.* v. *New York Central R.R.*, 271 U.S. 228, 230-31, 46 S. Ct. 496, 497, 70 L. Ed. 920, 921-22 (1926); *Deseret Apartments, Inc.* v. *United States*, 250 F.2d 457, 459 (10th Cir. 1957); *Amey* v. *Colebrook Guaranty Savings Bank*, 92 F.2d 62, 63 (2d Cir. 1937); *Babcock* v. *Kansas City*, 197 Kan. 610, 618, 419 P.2d 882, 888 (1966); *cf. King* v. *King*, 114 R.I. 329, 330-31, 333 A.2d 135, 137 (1975).

This principle was succinctly enunciated and applied to analogous facts in *Morales Rivera* v. *Sea Land of Puerto Rico, Inc.*, 418 F.2d 725 (1st Cir. 1969). In that case, the basis of a motion to dismiss was that a collective bargaining agreement calling for arbitration of grievances deprived the court of "subject matter jurisdiction." Giving short shrift to that claim, the court observed that an agreement to arbitrate, although available as a defense, was not destructive of jurisdiction. Continuing, the court said that "[p]laintiffs' cases, to the effect that the court has no 'jurisdiction' until agreed-on arbitration has been conducted, do not concern jurisdiction in the basic sense, but stand merely for the proposition that if either party seasonably claims his right to arbitrate, the agreement must be recognized." *Id.* at 726.

The issue before us is indistinguishable from that presented in *Morales*. Here, G.L. 1956 (1969 Reenactment) §9-30-1 which confers upon the Superior Court the power to declare the rights and obligations arising under a contract, precludes an assertion that it lacked power to adjudicate the dispute. Instead, defendant's motion for a summary judgment, properly articulated, raises the distinct question whether the court should have exercised that power.

We are aware of no reason, nor has any been advanced, supportive of the position that a motion for summary judg-

ment is not a proper pleading in which to raise the defense that the parties have agreed to arbitrate their dispute. However, because in this case the trial justice misconceived the basis of defendant's motion, she gave reasoned consideration to the question whether to dismiss plaintiff's action, but did not analyze the distinct question whether to enter summary judgment in defendant's favor. Her decision, then, does not foreclose the latter question.

Although it is now within our power to consider that question and, if appropriate, to enter judgment for defendant, we believe that, under the peculiar circumstances of this case, the interests of justice will best be served if we refrain from doing so. That question, if properly raised, may be decided by the Superior Court on remand.

The defendant also assigns as error the trial justice's refusal to hear parol evidence in explication of the critical language in the agreement making the salary schedule "subject to the wage freeze."[1] The correctness of that ruling depends entirely on whether the questioned language is facially ambiguous. If so, then evidence of prior or contemporaneous oral statements was admissible to aid in interpretation. *Sco-Mar, Inc.* v. *Rhode Island Tool Co.*, 115 R.I. 516, 349 A.2d 609 (1976); *Hawkins* v. *Smith,* 105 R.I. 669, 676, 254 A.2d 747, 751-52 (1969); *Golden Gate Corp.* v. *Barrington College,* 98 R.I. 35, 40, 199 A.2d 586, 589 (1964). If, however, the language is free of ambiguity, then parol evidence was unavailable to vary, alter or contradict the writing. *Supreme Woodworking Co.* v. *Zuckerberg,* 82 R.I. 247, 252, 107 A.2d 287, 290 (1954).

In this case the trial justice read the questioned language as clearly and unequivocally incorporating by reference any administrative decision as to the applicability of the freeze to the salary increases awarded members of the plaintiff

---

[1] The trial justice who presided at the hearing on the merits was not the same trial justice who denied defendant's motion for summary judgment.

Association. Accordingly, he refused to allow the introduction of parol evidence. Then, relying on the Cost of Living Council's decision, he concluded that those members were entitled to retroactive pay increases.

Although the trial justice's reading of the questioned language is certainly reasonable, we cannot say that it is the only reasonable reading. Indeed, the Cost of Living Council's decision states: "The collective bargaining agreement in question, when viewed in light of the conflicting assertions by the parties does not specifically and unambiguously provide for increases in wages and salaries which were scheduled to take effect during the freeze." We agree with the Council that the agreement is facially ambiguous. Hence, it was error to exclude the parol evidence.

The defendant's appeal is sustained, the judgment appealed from is reversed and the case is remanded to the Superior Court for further proceedings.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Natale L. Urso & Barry N. Capalbo,* for plaintiff.

*Vincent J. Piccirilli,* for defendant.