Estelle GEORGE

v.

Yvette INFANTOLINO et al.

No. 81–323–Appeal.

Supreme Court of Rhode Island.

June 4, 1982.

Leonard A. Kamaras, Providence, for plaintiff.

Boyer, Reynolds & DeMarco, Anthony F. DeMarco, Providence, for defendants.

## OPINION

KELLEHER, Justice.

This is a probate appeal in which we are being asked by the defendants, through their invocation of our Rule 16(g), to dismiss summarily the appeal of the plaintiff, Estelle George (Estelle), from an order of the Superior Court dismissing her appeal from a decree of the Probate Court of the City of Pawtucket.

The record before us indicates that on October 4, 1979, Estelle's mother, Louise Michaud (Louise), died leaving a will in which she left her entire estate to her niece, Yvette Infantolino, and Yvette's husband, Albert. In her will Louise acknowledged that she had intentionally made no provision for either Estelle or Estelle's daughter, Tammy, because she was confident that Yvette and her husband would make "adequate provision for them [Estelle and Tammy] out of the estate * * * but nothing herein shall be construed as limiting the absolute character of the gift to my niece and her husband."

A petition seeking probate of the will was filed in the Pawtucket Probate Court on October 18, 1979, and notice of the pendency of the petition was mailed to Estelle and duly advertised. These actions were taken pursuant to the provisions of G.L.1956 (1969 Reenactment) §§ 33–22–3 and 33–22–11. On November 7, 1979, the will was admitted to probate, and letters testamentary were issued to the named co-executors, Yvette and attorney Alfred J. Gemma.

Although Estelle was well aware of the probate proceedings, she took no concrete action to protect her interests for almost six months. On May 1, 1980, she filed a motion in the Probate Court based upon a portion of G.L.1956 (1969 Reenactment) § 8–9–11 which vests jurisdiction in the Probate Courts situated in each of the state's thirty-nine municipalities to undertake the "probate of wills and grant administration on the estate of deceased persons who, at the time of their decease, were inhabitants of or residents in such town or city * * *." The petition for probate alleged that when Louise died, she was a resident of Pawtucket. However, Estelle's motion claimed that the Pawtucket Probate Court "had no jurisdiction" because her mother had died a resident of the city of Woonsocket. The motion sought to "vacate, set aside, and cancel all orders and decrees," particularly the November 7, 1979 decree admitting the will to probate.

Estelle's charge of no jurisdiction falls on deaf ears because she cannot establish a clear absence of subject-matter jurisdiction. See *Hartt v. Hartt*, R.I., 397 A.2d 518 (1979). We need only point to what occurred and what was said in *Eckilson v. Greene*, 61 R.I. 394, 1 A.2d 117 (1938). In *Eckilson* the Cranston Probate Court had appointed a son administrator of his mother's estate. Subsequently, the children of a deceased daughter filed a petition to dismiss the administration proceedings, alleging that their grandmother had died an inhabitant and resident of the city of Warwick. There, as here, the dismissal petition was filed long after the time for taking an appeal from the appointment of the fiduciary had expired.

In rejecting the dismissal petition of the intestate's grandchildren, the court noted that the Cranston Probate Court, in designating the son as the administrator of his

mother's estate, had either through direct expression or by clear implication made a finding that the mother at the time of her decease was an inhabitant and resident of Cranston. The court also pointed out that the decedent's grandchildren could have taken an appeal to the Superior Court within forty days after the entry of the decree admitting the will to probate and could have raised the residency issue as one of the grounds for appeal.

It was also pointed out in *Eckilson* that the grandchildren could have taken advantage of the provisions of G.L.1923, ch. 358, § 6, which in essence permitted a Probate Court to modify any decree entered on an uncontested petition as long as the forty-day appeal period had not expired and as long as there was no appeal pending from the decree in question. After making these observations, the court ruled that the grandchildren were barred from raising the so-called jurisdictional issue.

■ What was said about the grandchildren in *Eckilson* applies with equal force to Estelle. As noted before, she knew what was happening with her mother's estate but failed to invoke the provisions of the probate appeal statute [1] or the statute that allows a modification of a decree granted on an uncontested petition.[2] There is no question but that the Pawtucket Probate Court had subject-matter jurisdiction, and its implicit finding about Louise's being a domiciled resident of Pawtucket was not appealed.

■ The term "subject-matter jurisdiction" has been the subject of misuse. When properly used, it refers only to a court's power to hear and decide a particular case and not to whether a court having the power to adjudicate should exercise that power. *Cranston Teachers Association v. Cranston School Committee*, 120 R.I. 105,

108–09, 386 A.2d 176, 178 (1978). Subject-matter jurisdiction does not depend on whether the decision under challenge is right or wrong. Once a judgment of a court having the requisite subject-matter jurisdiction has become final, it is a violation of the principles of res judicata to permit a collateral attack on the basis of error even though the error may be egregious. *Hartt v. Hartt*, R.I., 397 A.2d at 520.

The desire for finality of judgments and a minimizing of forum shopping from Probate Court to Probate Court has been expressed by the Legislature when, after detailing in § 8–9–9 the various facets of jurisdiction to be exercised by Probate Courts, it stated in part:

"The jurisdiction assumed in any case by the court, so far as it depends on the place of residence of a person, shall not be contested in any suit or proceedings except in the original case or on appeal therein or when the want of jurisdiction appears on the record."

This statute was construed by the *Eckilson* court to mean that challenges to the decedent's residence shall be made either by claiming an appeal to the Superior Court from the decree appointing the administrator or executor or by seeking a modification or revocation of an uncontested petition within the specified appeal period.

The grandchildren's efforts in *Eckilson* were described as "too late," and the same can be said for Estelle's claim of no jurisdiction.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.[3]

**1.** At its January 1975 session, the General Assembly reduced the probate appeal period from forty to twenty days. General Laws 1956 (1969 Reenactment) § 33–23–1, as amended by P.L. 1975, ch. 120, § 1.

**2.** General Laws 1956 (1969 Reenactment) § 8–9–14, which allows the modification or revocation of any decree entered after consideration by a Probate Court of an uncontested petition, is identical to the 1923 statute cited by the *Eckilson* court.

**3.** Although this controversy comes before us by way of a motion to affirm, the court is unanimous in its belief that the issue presented is of such interest that the controversy will be resolved by full opinion.