**PENNSYLVANIA GENERAL
INSURANCE COMPANY**

v.

**Diane BECTON.**

**No. 81–599–Appeal.**

Supreme Court of Rhode Island.

May 11, 1984.

John A. Baglini/John A. McQueeney, Higgins & Slattery, Providence, for plaintiff.

Ronald J. Resmini (Ronald J. Resmini, Ltd.), Charles Koutsogiane, Providence, for defendant.

## OPINION

SHEA, Justice.

This is an appeal by the defendant from the judgment of the Superior Court granting the plaintiff's petition for declaratory judgment. The issues on appeal are whether the Superior Court had jurisdiction to hear the plaintiff insurer's declaratory judgment action and whether the trial justice was clearly wrong in finding that the insurer was prejudiced by the untimely notice of the defendant's claim. We affirm.

On June 21, 1976, defendant, Diane Becton, sustained personal injuries while a passenger in an automobile that collided with an automobile driven by an uninsured motorist. She initiated arbitration proceedings against Allstate Insurance Company, the insurer of the driver of the car in which she was a passenger. The coverage of the driver's insurance policy with Allstate totaled $10,000. During the arbitration proceedings, Becton discovered that she was insured by Pennsylvania General Insurance Company. She amended her arbitration petition on May 11, 1979, to include her insurer as a party to the proceedings. This was the first notice Pennsylvania General received of the accident that had resulted in her injuries.

After a series of discussions between counsel, Becton withdrew her arbitration petition against Pennsylvania General, without prejudice. The arbitrator then awarded her the maximum, $10,000, under the policy with Allstate. She then filed a separate arbitration petition against Pennsylvania General for losses not covered by the arbitrator's award against Allstate. The insurance policy requires the insured to give the carrier proof of her claim "as soon as practicable." Pennsylvania General filed a declaratory-judgment action against Becton, alleging that it was prejudiced by the lack of timely notice. It sought an order declaring the insurance policy inapplicable and restraining Becton from pursuing her demand for arbitration.

Pennsylvania General's motion for a temporary restraining order prohibiting Becton from proceeding with arbitration was granted. Ms. Becton filed requests for admissions and motions to advance the claim to the jury-trial calendar and to compel production of documents, all of which were denied. The case was presented to the trial court on an agreed statement of facts and medical records. The trial justice granted the declaratory judgment and found that plaintiff had been prejudiced because it could not properly investigate defendant's claim. On appeal Becton challenges the trial court's jurisdiction, the denial of defendant's various procedural motions, and the finding that Pennsylvania General was prejudiced by the late notice.

The threshold question is whether the Superior Court should have heard a claim for declaratory judgment on the issue of timely notice when Becton had already

filed for arbitration against her insurer. This question is answered by language in *Employers' Fire Insurance v. Beals,* 103 R.I. 623, 630, 240 A.2d 397, 402 (1968) which states that:

"declaratory judgment proceedings are ideally suited for preliminary disposition of such issues as whether or not lack of timely notice or failure to cooperate on the part of the insured absolves the insurer of its obligation to defend or indemnify."

We recognize that this language was dicta, but we find that it is particularly applicable in this situation. Here, Pennsylvania General asserted that Becton did not provide adequate notice of her claim and that therefore there is no obligation to compensate her. A determination by the Superior Court of this preliminary question of notice could conclusively resolve the rights and obligations between the parties. A favorable ruling for the insurance carrier would terminate the controversy between the parties and remove any uncertainty between them. A ruling in favor of the insured would allow the arbitration to proceed on the issue of liability and damages without prejudice to either party. This is precisely what a claim for declaratory judgment is intended to accomplish. The Uniform Declaratory Judgments Act enunciates this purpose:

"Any person interested under a deed, will, written contract or other writings constituting a contract * * * may have determined any question of construction or validity arising under the instrument [or] contract * * * and obtain a declaration of rights, status or other legal relations thereunder." General Laws 1956 (1969 Reenactment) § 9–30–2.

"The enumeration in §§ 9–30–2, 9–30–3 and 9–30–4 does not limit or restrict the exercise of the general powers * * * in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty." Section 9–30–5.

An agreement between the parties to resolve their conflict concerning an uninsured motorist by arbitration is not destructive of the Superior Court's subject-matter jurisdiction. *See Cranston Teachers Association v. Cranston School Committee,* 120 R.I. 105, 108, 386 A.2d 176, 178 (1978). Rule 57 of the Superior Court Rules of Civil Procedure provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Compliance with a condition precedent to coverage under an uninsured-motorist clause is a question for the court, and not for the arbitrators, to determine. *See* Annot., 29 A.L.R.3d 328, 349–50 (1970). In this case, the issue of the applicability of the notice provision was ideally suited for resolution through a declaratory-judgment action in the Superior Court. We therefore hold that the Superior Court acted properly within its statutory powers to hear Pennsylvania General's claim for declaratory relief.

Ms. Becton next asserts that even if the Superior Court did have jurisdiction to hear the claim, the record is lacking in any showing of prejudice and therefore the trial justice was clearly wrong.

An insured should not be barred from recovering the benefits for which he or she has paid because of a breach of the policy's notice provision when there is no showing by the insurance carrier that it was prejudiced by the breach. *Pickering v. American Employers Insurance Co.,* 109 R.I. 143, 160, 282 A.2d 584, 593 (1971). The burden of showing prejudice is on the insurance carrier. *Id.*

We have indicated that in evaluating this type of case, the court should look to the length of the delay, the reasons for the delay, and the probable prejudicial effect of the delay on the insurer. *A & W Artesian Well Co. v. Aetna Casualty and Surety Co.,* R.I., 463 A.2d 1381, 1383 (1983). The findings of fact made by the trial justice sitting without a jury will be accorded great weight and will not be dis-

turbed on appeal unless they are clearly wrong or it is shown that the trial justice misconceived or overlooked the evidence. *Central Falls Firefighters, Local No. 1485 v. City of Central Falls*, R.I., 465 A.2d 770, 774 (1983).

This case was presented to the trial justice on an agreed statement of facts and medical records. The facts establish that on June 21, 1976, Becton was injured in an automobile accident involving an uninsured motorist; she was diagnosed as having an acute cervical strain and a low-back strain; she was treated for these injuries by her physician through April 10, 1979; she notified Pennsylvania General of her loss on May 11, 1979, two days after she discovered the existence of her coverage; and the statute of limitations on a suit against the uninsured motorist expired on June 20, 1979.

The trial justice found that the insurer was prejudiced because it was not able to have Becton examined by a physician of its choice and to investigate her claim fully.

■■■ The medical records reveal that Becton was discharged by her physician on April 25, 1977, and that she only returned to him on April 10, 1979, for a routine checkup. The insurer therefore would have been required to investigate three-year-old injuries that had not been treated in over two years. While the mere passage of time is not sufficient to establish prejudice, the finding by the trial justice in this case that the insurer was prejudiced because of its inability adequately to investigate Becton's claim is supported by the facts. The trial justice was not clearly wrong in his findings of fact or the conclusions he drew from them.

Further, Pennsylvania General had in effect lost its subrogation rights for any claim it may have had against the uninsured motorist. The facts establish that less than six weeks passed between the time the insurer received notice of the claim and the time the statute of limitations expired on a claim against the uninsured motorist. This short period was clearly inadequate to allow the insurer to protect its right of subrogation, in light of the difficulty it would encounter investigating the claim.

The defendant also raises on appeal the denial by the trial court of three procedural motions—motions to compel production of documents, to request admissions, and to advance the case to the jury-trial calendar.

The defendant sought to compel production of the insurance company's file containing various documents—one dated December 1979 and the rest dated between February 1980 and March 1981. These documents included letters from plaintiff's counsel, interoffice memos, and various letters between plaintiff's Providence office and its home office. The trial justice ruled that these items were privileged and therefore not discoverable.

■■ The right to compel production of material under Super.R.Civ.P. 34 is subject to the restrictions delineated in Rule 26(b). Unless a party can demonstrate "injustice or undue hardship," he or she will be precluded from compelling production of a "writing obtained or prepared by the adverse party [or] his attorney * * * in anticipation of litigation and in preparation for trial * * *." Super.R.Civ.P. 26(b)(2). As this court stated in *Fireman's Fund Insurance Co. v. McAlpine*, 120 R.I. 744, 753, 391 A.2d 84, 89–90 (1978):

"In our litigious society, when an insured reports to his insurer that he has been involved in an incident involving another person, the insurer can reasonably anticipate that some action will be taken by the other party. The seeds of prospective litigation have been sown, and the prudent party, anticipating this fact, will begin to prepare his case."

■■■ The requested documents from the insurer's file were all prepared at least seven months after Pennsylvania General had been notified of Becton's claim and her initial demand for arbitration against her insurance carrier. Although this time element is not the sole criteria for evaluating

the discoverability of documents, there is no showing in this case that any of these documents were prepared in the ordinary course of business other than in response to the threat of litigation. Further, defendant has failed to show that she would be subjected to injustice or undue hardship by the denial. The trial justice therefore properly held that the requested documents were prepared in anticipation of litigation and thereby privileged.

 The defendant also appeals the denial of her motion to require Pennsylvania General to admit the truth of the matters contained in her request for admissions. Our review of the agreed statement of facts that both parties submitted to the trial justice leads us to conclude that this issue on appeal has become moot. All of the requested admissions were addressed and agreed upon by the parties in the statement of facts, and therefore the denial of the motion to require the admission had no effect in the case.

 Finally, the defendant asserts that her motion to advance the case, and to transfer the case to the jury-trial calendar from the non-jury calendar, was improperly denied. The proper method the defendant should have utilized to request a trial by jury is set forth in Rule 38, which requires that a jury demand be served in writing on the opposing party no later than ten days after service of the last pleading directed to the jury issue. A failure to comply with this provision constitutes a waiver of trial by jury. As the defendant failed to comply with this rule, her attempt to obtain a jury trial by a motion to advance was properly denied.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment of the Superior Court is affirmed, and the papers in the case are remanded to the Superior Court.