## COLONIAL PENN INSURANCE COMPANY

v.

**Michael A. MENDOZZI et al.**

**No. 82–499–Appeal.**

Supreme Court of Rhode Island.

March 8, 1985.

---

John J. Finan, Jr., Pawtucket, for plaintiff.

Ronald J. Resmini, Ronald Resmini Ltd., Providence, Amato A. DeLuca, Revens & DeLuca, Warwick, Dennis S. Baluch, Providence, for defendant.

## OPINION

SHEA, Justice.

This is an appeal by the defendants from the judgment of the Superior Court granting the plaintiff's petition for declaratory judgment. The issues on appeal are whether the Superior Court had jurisdiction to hear the plaintiff insurer's declaratory judgment action, and whether the trial justice was clearly wrong in declaring that the insureds were barred from recovering under the policy because they failed to comply with a provision of the policy that is a condition precedent to the validity and maintenance of any action against the plaintiff. We vacate and remand for a new trial.

Alleging that they sustained injuries when their vehicle was struck by an unidentified operator on October 15, 1980, defendants, Michael Mendozzi and Louis Mangiacapra, brought a claim under the uninsured-motorist coverage of Mendozzi's policy with Colonial Penn Insurance Company (Colonial). On December 4, 1980, Colonial notified defendants that they must submit to medical examinations that had been scheduled for them by its authorized representative pursuant to a provision of Mendozzi's policy. After informing the company representative that the physician selected was unacceptable, defendants invoked the arbitration clause of the insurance policy on December 18, 1980, and submitted their claim to defendant, American Arbitration Association. Colonial entered an appearance in the arbitration proceedings and pleaded that defendants had failed to comply with the terms of the policy.

The arbitration proceedings were interrupted on May 29, 1981, when Colonial filed a complaint for declaratory judgment in Superior Court. In the declaratory-judgment action, Colonial requested a declaration that defendants' alleged failure to comply with the terms of the policy constituted a breach of a condition precedent and barred recovery. Colonial further requested that the arbitration proceedings be enjoined. The trial justice granted Colonial's petition for declaratory judgment on July 2, 1982.

The defendants' notice of appeal was timely filed on July 7, 1982. Their motion for a new trial was denied, after a hearing, on November 12, 1982, and their motion to correct or modify the record by the inclusion of a copy of the insurance contract was denied on May 17, 1983. Their second motion to supplement the record, filed in this court, was denied on July 21, 1983, without prejudice to their right to raise the argument on appeal.

Preliminarily, this court must decide whether the Superior Court should have heard a claim for declaratory relief on the issue of defendants' breach of a condition precedent in the terms of the policy contract when defendants had already filed for arbitration against the insurer. The defendants contend that the initiation of arbitration proceedings precluded the Superior Court's exercise of jurisdiction. They argue that this case involves a question of "legal entitlement" to damages, the determination of which is a matter for the arbi-

trator, not for the court, as expressly indicated by the arbitration clause of the policy.

■ Our recent decision in *Pennsylvania General Insurance Co. v. Becton*, R.I., 475 A.2d 1032 (1984), clearly established that the exercise of jurisdiction by the Superior Court in this situation was warranted. This court stated that

"[a]n agreement between the parties to resolve their conflict concerning an uninsured motorist by arbitration is not destructive of the Superior Court's subject-matter jurisdiction. * * * Compliance with a condition precedent to coverage under an uninsured-motorist clause is a question for the court, and not for the arbitrators, to determine." *Id.*, 475 A.2d at 1035.

Since the exercise of jurisdiction by the Superior Court was proper, this court must determine whether the trial justice erred in holding that defendants' conduct constituted a breach of a condition precedent that barred any recovery. In making that determination, we note that "[t]he findings of fact made by the trial justice sitting without a jury will be accorded great weight and will not be disturbed on appeal unless they are clearly wrong or it is shown that the trial justice misconceived or overlooked the evidence." *Id.*, 475 A.2d at 1035–36.

The record reveals that the insurance-policy contract was never submitted into evidence by either party. The trial justice based his decision on a single paragraph of a provision of the policy that was read into evidence by plaintiff and stipulated to by defendants. The operative phrase in the quoted paragraph provides that

"The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require * * *."

Nowhere in the quoted material is there a definition of "reasonably," and nowhere is there an indication that submitting to a company-selected physician is a condition precedent to recovery.

"The rules of contract interpretation which [courts] must apply are well-settled. Our primary task, of course, is to attempt to ascertain the intent of the parties. * * * [I]n ascertaining the intent, we must look at the instrument as a whole and not at some detached portion thereof." *Woonsocket Teachers' Guild, Local 951 v. School Committee of Woonsocket*, 117 R.I. 373, 376, 367 A.2d 203, 205 (1976).

■ The trial justice in this case failed to follow those settled rules of contract interpretation. The trial justice's decision that the defendants' failure to submit to a medical examination by the company-selected physician was "a breach of a condition precedent in terms of the policy contract" should have been made on the basis of the contract as a whole, not on the basis of a paragraph taken out of context and read into the record. There is nothing in the record that would support the finding that the failure by the defendants to submit to the examination set up by Colonial's representative was a violation of a condition precedent. Any party seeking a declaratory judgment bears the burden of submitting, if not the entire instrument to the fact finder, at least those portions of it that clearly establish the proposition he has placed before the court.

For these reasons, the judgment appealed from is vacated and the papers of the case are remanded to the Superior Court for a new trial.