[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The doctrine of government immunity will not shield a government employee when he misperforms a ministerial act. "The word `ministerial' `refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion' Wright v. Brown, 167 Conn. 464, 471, 386 A.2d 176
(1975)"; Fraser v. Henninger, 173 Conn. 2, 60, 376 A.2d 406
(1977). When performance of discretionary acts by a municipal employee is at issue, liability may attach "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm" See e.g. Sestito v. Groton, 178 Conn. 520,528, 423 A.2d 165 (1979).[1]
Connecticut General Statutes 22-358 makes it abundantly clear that judgment is clearly in issue when a determination has to be made regarding restraint or destruction of a dog as a result of a bite. Plaintiff here has in effect, alleged that the defendants were negligent by failing to act in a way that he believes they should have in light of the prior history involving the same dog.
A review of the entire deposition solidifies the defendant's position that they chose to react in certain ways and not in others, based precisely on the dog's history and attendent circumstances (see Deposition pgs. 44, 64, 84, 106-7, 129 and 139). Such judgment can only be the basis for an exception to the doctrine of government immunity when there is a "clear and unequivocal" duty to act to a foreseeably identifiable person. Shore v. Stonington, 187 Conn. 147, 153
(1987). This "discrete person-imminent harm" exception was recently reaffirmed in Gordon v. Bridgeport Housing Authority,208 Conn. 161, 180 (1988) and Evan v. Andrews, supra at 508. Although the relevant allegations set forth by the plaintiff, if true[2], may suggest a "reproachable" situation by the City of Stamford, they do not state a cause of action under the pertinent exception as it has been clearly explained. Id.
Therefore, defendant's motion for summary judgment is hereby granted.
KATZ, J.