DECISION
Before this Court for decision is a motion for summary judgment brought by The Beacon Mutual Insurance Company ("Beacon") and Michael Dennis Lynch (collectively, "Defendants").[1] The Defendants claim they are entitled to summary judgment because (1) the Department of Business Regulation ("DBR") has primary jurisdiction over this matter; and (2) there is no private cause of action outside of the administrative process. Although denominated a motion for summary judgment, this Court will treat the Defendants' motion as one to dismiss for lack of subject-matter jurisdiction[2] because the Defendants argue that the DBR has exclusive jurisdiction over the Plaintiffs' claims.[3] *Page 2 
 I Facts and Travel
The facts and travel of this case have been well-documented in several prior written decisions of this Court.[4] Therefore, this Court will not repeat the facts and travel of this case. Here, the Defendants are moving for dismissal for lack of subject-matter jurisdiction on all three counts[5] of the Plaintiffs' Ninth Amended Complaint.
 II Subject-matter Jurisdiction
The issue is whether this Court has subject-matter jurisdiction to determine whether Beacon inequitably distributed profits to certain favored policy holders over a period of several years. The Defendants assert that this Court lacks subject-matter jurisdiction because, although the allegations in the complaint speak in terms of "distribution of profits," this case merely involves premium setting. Because this case involves the setting of insurance premiums, they argue, the DBR has exclusive jurisdiction over the case. Conversely, the Plaintiffs contend that this Court possesses subject-matter jurisdiction because it has already decided that "the Plaintiffs' claims that the wrongful treatment accorded to friends and favored policyholders raises [sic] issues transcending `disputes regarding the rate setting and conduct of insurance companies.'" *Page 3 Heritage Healthcare Servs., Inc. v. Beacon Mut. Ins. Co., No. PB-02-7016, 2008 R.I. Super. LEXIS 109 (R.I.Super.Ct. Sept. 4, 2008) (quoting Heritage Healthcare Servs., Inc. v. Beacon Mut. Ins. Co., No. PB-02-7016, 2005 R.I. Super. LEXIS 140, at *9 (R.I.Super.Ct. Aug. 29, 2005)). The Defendants respond that "[t]his case is not about wrongful treatment accorded to friends and favored policy holders. This case is about how Beacon set its premiums over a period of time for some policy holders." (Summ. J. Hr'g Tr. 3:9-12, Mar. 6, 2009.)
The Superior Court is a court of general jurisdiction. Barone v.O'Connell, 785 A.2d 534, 535 (R.I. 2001). "It is granted subject-matter jurisdiction over all cases unless that jurisdiction has been conferred by statute upon another tribunal." Id (citing Chase v. Bouchard,671 A.2d 794, 796 (R.I. 1996)). The Supreme Court of Rhode Island has held that "unless the Legislature confers upon a tribunal exclusive original jurisdiction over matters that had been within the authority of another tribunal, the authority so conferred is concurrent with that of the original tribunal." Id (citing Lubecki v. Ashcroft, 557 A.2d 1208, 1213
(R.I. 1989)) (internal quotation marks omitted). As a general matter, "a claim of lack of subject matter jurisdiction may be raised at any time."Tyre v. Swain, 946 A.2d 1189, 1197 (R.I. 2008) (citing Pollard v. AcerGroup, 870 A.2d 429, 433 (R.I. 2005)). "The term `lack of jurisdiction over the subject matter' means quite simply that a given court lacks judicial power to decide a particular controversy." Pollard v. AcerGroup, 870 A.2d 429, 433-34 (R.I. 2005) (citing George v.Infantolino, 446 A.2d 757, 759 (R.I. 1982); Laughlin v. KmartCorp., 50 F.3d 871, 874 (10th Cir. 1995); and Cranston Teachers Ass'n v.Cranston Sch. Comm., 120 R.I. 105, 108-09, 386 A.2d 176, 178 (1978)). *Page 4 
The DBR was established in 1939 by the Rhode Island General Assembly.See G.L. 1956 §§ 42-14-1 to-19. One of the purposes of the DBR is "[t]o regulate and control . . . insurance." section 42-14-2(a)(l). It is undisputed that Beacon is a company regulated by the DBR. This Court has previously held that "it is quite clear that the legislature intended that disputes regarding the rate setting and conduct of insurance companies be resolved in an administrative forum." Heritage HealthcareServs., Inc. v. Beacon Mut. Ins. Co., No. PB-02-7016, 2005 R.I. Super. LEXIS 140, at *9 (R.I.Super.Ct. Aug. 29, 2005).
Here, the allegations in the Plaintiffs' Ninth Amended Complaint do not fall within the exclusive jurisdiction of the DBR. The Plaintiffs allege that: (1) Beacon can issue dividends to its policy holders when assets exceed liabilities and the minimum surplus requirements are met (Compl. ]f 19); (2) such dividends must be distributed equitably to all policy holders through discounts on annual premium, id ¶ 20; (3) Beacon owes them a fiduciary duty because the policy holders, by virtue of owning a Beacon policy, are owners of Beacon, id. ]f 22; and (4) the "[defendants engaged in a systematic scheme to divert over $101 million to a small percent of its policyholders rather than distributing it equitably to all its policyholders," id. ¶ 28. Clearly, these allegations go beyond the traditional rate setting jurisdiction of the DBR. Rather, this case involves whether a fiduciary breached its duty by failing to distribute dividends equitably. This Court, and specifically the Business Calendar, is to hear "[c]ivil actions in which the principal claim or claims involve . . . [b]reach of . . . fiduciary duties." Super. Ct. Admin. Order 2001-9, 1(a). Certainly, this Court is well-suited to determine whether a fiduciary breached its duty to owners of a mutual insurance company. There is no question that the *Page 5 
DBR has been charged with certain regulatory duties. Similarly, there can be no doubt that the DBR is better suited than this Court to resolve complex matters involving the setting of insurance rates. However, the specialized expertise of the DBR is not necessary to render a decision in this matter. This Court finds that it possesses subject-matter jurisdiction to hear the claims contained in the Ninth Amended Complaint, and that these claims transcend the setting of insurance rates.
 IV Conclusion
After due consideration of the arguments advanced by counsel at oral argument and in their memoranda, this Court denies the Defendants' motion to dismiss for lack of subject-matter jurisdiction which was denominated as a motion for summary judgment. The Plaintiffs shall present an order consistent herewith which shall be settled after due notice to and an opportunity to be heard by the Defendants' counsel.
[1] Defendant Joseph Arthur Solomon adopted the Defendants' memorandum of law.
[2] Super. R. Civ. P. 12(b)(1).
[3] "A defendant moving for summary judgment may raise issues going to the merits of the claim or matters in bar but not to matters in abatement, such as lack of jurisdiction over the subject matter. . . . If a motion for summary judgment . . . is filed on the ground of lack of jurisdiction, the court may treat the erroneously labeled motion as a motion to dismiss under Rule 12(b)(1), (2) or as a suggestion of lack of jurisdiction, which may be made at any time." 1 Robert B. Kent et al.,Rhode Island Civil and Appellate Procedure § 56:4 (2006) (citingDansereau v. Beirne, 701 A.2d 1031, 1032 (R.I. 1997); Mitchell v.Burrillville Racing Ass'n, 673 A.2d446, 448 (R.I. 1996); andNichola v. Fiat Motor Co., 463 A.2d511, 513 (R.I. 1983)).
[4] See Heritage Healthcare Servs., Inc. v. Beacon Mut. Ins. Co., No. PB-02-7016, 2008 R.I. Super. LEXIS 109 (R.I.Super.Ct. Sept. 4, 2008);Heritage Healthcare Servs., Inc. v. Marques, No. PB-06-4420, 2007 R.I. Super. LEXIS 112 (R.I.Super.Ct. Aug. 9, 2007); Heritage HealthcareServs. Inc. v. Beacon Mut. Ins. Co.. No. PB-02-7016, 2007 R.I. Super. LEXIS 61 (R.I.Super.Ct. Apr. 17, 2007); Heritage Healthcare Servs.Inc. v. Beacon Mut. Ins. Co.. No. PB-02-7016, 2005 R.I. Super. LEXIS 140 (R.I.Super.Ct. Aug. 29, 2005); Heritage Healthcare Servs., Inc. v.Beacon Mut. Ins. Co., No. PB-02-7016, 2004 R.I. Super. LEXIS 29 (R.I.Super.Ct. Jan. 21, 2004).
[5] The three counts are: (1) Breaches of the Implied Covenants of Good Faith and Fair Dealing; (2) Breaches of Fiduciary Duty; and (3) Unjust Enrichment. *Page 1